**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-6509**

_____

WILLIAM SCOTT DAVIS, II,

               Plaintiff - Appellant,

     v.

UNKNOWN,

               Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, District Judge.  (2:16-cv-00548-MSD-LRL)

_____

Submitted:  July 20, 2017                           Decided:  July 25, 2017

_____

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

William Scott Davis, II, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Scott Davis, II, seeks to appeal the district court's order denying relief on his complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court extended the appeal period under Rule 4(a)(5) to December 12, 2016. The notice of appeal was filed on April 4, 2017.[*] Because Davis failed to file a timely notice of appeal, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] The notice of appeal is undated. For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).